No. 183.   GRUNEWALD v. UNITED STATES;

No. 184.   HALPERIN v. UNITED STATES; and

No. 186.   BOLICH v. UNITED STATES.   The petitions for writs of certiorari to the United States Court of Appeals for the Second Circuit are granted limiting the questions to those enumerated below:

(a) No. 183:

"1. Whether conviction of a conspiracy to procure from the Fraud Bureau of the Internal Revenue Department a decision not to prosecute a tax fraud, where the object of the conspiracy had been accomplished by January, 1949, and prosecution was barred under the statute of limitations by January, 1952, may be sustained, on the theory that the conspiracy must have included a continuing agreement to conceal—the indictment having been found October 25, 1954, and the proof being that one or more of the conspirators in March, 1952, attempted to cover their tracks from investigators.

"2. Whether independent acts of alleged conspirators, after the accomplishment of the object of the conspiracy and done without the knowledge or the participation of the petitioner Grunewald, may suffice to support a charge against him that the original conspiracy included a continuing purpose to conceal so that the conspiracy might be deemed to extend down to the last act of concealment.

"3. Whether an alleged continuing conspiracy to conceal could be found as to the petitioner Grunewald, when he was concerned only with the original object of the conspiracy and was acquitted by the Trial Court on three counts of attempting to influence witnesses, which the Court charged the jury could be acts of continuing concealment.

"4. Whether a purpose to continue to conceal the accomplishment of the primary conspiracy may be inferred from the fact that the conspirators would be pre-

sumed to know that their activities would always be open to investigation—whether a subordinate conspiracy to conceal may be implied from the original crime.

"5. Whether the Trial Court committed error in permitting the jury to find a continuing conspiracy to conceal from the fact that, more than three years after the object of the conspiracy had been accomplished, the petitioner Grunewald, when his secretary was subpoenaed before a grand jury, told her she need not answer various questions and could say she forgot.

"6. Whether the Trial Court committed error in permitting the defendant Halperin, the only witness for the defense, to be cross-examined, for the purpose of impeaching his credibility, on the fact that he had been, prior to the trial, subpoenaed before a grand jury and had there claimed his constitutional privilege against self-incrimination on a long line of questions. The constitutional privilege thus infringed is that part of the Fifth Amendment which reads: '. . . nor shall be compelled in any criminal case to be a witness against himself . . . .' "

No. 184:

"1. When a defendant testifies in his own defense at his trial, and his answers to questions show that, although averring his innocence, he was justified in invoking the Fifth Amendment with regard to like questions before a Grand Jury—as in this case all agree—is not that defendant denied due process when the Government on cross-examination brings out before the trial jury, the fact that he refused to answer the questions before the Grand Jury, upon such constitutional grounds?

"2. When a defendant has been subpoenaed to testify before a Grand Jury in an investigation, of which he is a primary target, has claimed his Constitutional privilege, advised the Grand Jury that he was doing so as an innocent man ensnared in suspicious circumstances and because he could not cross-examine or be represented

by counsel, may the trial court charge the jury that they may consider his refusal to testify before the Grand Jury on the score of his credibility, although his trial testimony was entirely consistent with his position before the Grand Jury?

"3. Under the circumstances surrounding a defendant's appearance before a Grand Jury as set forth in the last preceding paragraph, does not the Court's instruction as aforesaid illegally impeach and impede the defendant's statutory right to be a witness on his own behalf?

"4. Does the rationale of *Raffel* v. *United States,* 271 U. S. 244, apply to prior invocation of the Fifth Amendment before a Grand Jury as distinguished from such action at a prior trial?

"5. Does not the doctrine and rationale of *Slochower* v. *Board of Higher Education,* decided by this Court April 9, 1956 [350 U. S. 551], compel the conclusion that a defendant under the circumstances aforesaid, is denied due process of law when he is examined by the Government and compelled to admit that he refused to answer questions before the Grand Jury, and the Trial Court advises the jury they may consider that refusal on the subject of his credibility?

"6. Is not a defendant, particularly one who asserted that he was invoking the Fifth Amendment as an innocent man being plotted against and beset by suspicious circumstances entitled to have the jury charged, 'An innocent man may honestly claim his answers may tend to incriminate him'?

"8. Does not the opinion of the Court of Appeals that the statute of limitations against conspiracy was not tolled, in that certain overt acts of concealment when committed were chargeable to the original conspiracy disregard and deny effect to this Court's views on proof of subsidiary concealment conspiracies, as set forth in *Krulewitch* v. *United States,* 336 U. S. 440, and *Lutwak* v. *United States,* 344 U. S. 604?

"9. Does not the conclusion of the Court of Appeals herein that a single conspiracy rather than a multiplicity of conspiracies are disclosed by the record, run counter to this Court's decision in *Kotteakos* v. *United States*, 328 U. S. 750?"

No. 186: .

"1. Whether the three year Statute of Limitations, applicable to the charge of conspiracy, barred conviction of the petitioner Bolich inasmuch as the objective of the alleged conspiracy had been achieved by January, 1949— more than five years before the date of the indictment which was filed on October 25, 1954.

"2. Whether multiple conspiracies were established by the evidence, rather than a single general conspiracy, to the substantial prejudice of the rights of the petitioner Bolich.

"6. Whether the trial Court committed prejudicial error in permitting the government to elicit from the defendant Halperin upon his cross-examination that he had invoked the Fifth Amendment at a Grand Jury hearing and the trial Court charged the jury that they might consider Halperin's claim of constitutional privilege as adversely affecting his credibility."

A total of two hours will be allowed for argument on these questions.

(b) No. 184:

"7. Does it constitute due process to subpoena a person to testify before a Grand Jury in an investigation of which he is a primary target, and thereby permit an examination before trial of a *de facto* defendant?

"11. Does a lawyer who advises a witness to plead the Fifth Amendment where the witness is justified in doing so become guilty of corruptly endeavoring to influence the witness merely because the interposition of the Constitutional privilege might also serve to protect the person giving the advice?"

A total of one hour will be allowed for argument on these questions.

*Edward J. Bennett* and *Harold H. Corbin* for petitioner in No. 183. *Henry G. Singer* and *Harry Silver* for petitioner in No. 184. *Rudolph Stand* and *Frank Aranow* for petitioner in No. 186. *Solicitor General Rankin, Assistant Attorney General Olney, Beatrice Rosenberg* and *Richard J. Blanchard* for the United States.